IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Magistrate Number 94-99-M |
| : | |
| GEOFFREY EMEKA EGBOMAH : | |

**Memorandum and Opinion**

**L. Felipe Restrepo**
**United States Magistrate Judge**

    On February 21, 1994, United States Magistrate Judge James R. Melinson signed a warrant for the arrest of Mr. Geoffrey Emeka Egbomah, charging him with the importation of heroin; aiding and abetting the importation of heroin, the possession of heroin and aiding and abetting the possession of heroin with intent to distribute. Warrant, together with the Criminal Complaint and Affidavit attached as "Exhibit A" to Gov't Resp. (Docket No. 17) (hereinafter "Warrant," "Complaint," and "Affidavit," respectively). The warrant was accompanied by a criminal complaint supported by an affidavit of probable cause prepared by Philadelphia Police Officer Michael J. McCue and signed by Magistrate Judge Melinson on February 21, 1994. Id. The affidavit details the facts in support of the probable cause to arrest of petitioner. Id.

    On March 21, 1994 Assistant United States Attorney Steven Britt filed a Motion to Dismiss the Complaint against Mr. Egbomah. Mot., Docket No. 10, attached to Petr.

Second Mot., Docket No. 16, at 10-11. The motion specifically notes that: "The government has determined that it is in the interest of justice to move the court to dismiss the complaint." Id. at ¶ 2.

On February 26, 2008 Mr. Egbomah filed his first Petition to Expunge The Record. Petition, Docket No. 12. On May 27, 2008 having been informed by counsel that Petitioner did not want to pursue his request the petition was denied without prejudice. Order, Docket No. 15. Mr. Egbomah renewed his request to expunge his arrest record on March 29, 2009. Petr. Second Mot., Docket No. 16. The United States opposed such a request on September 29, 2009. Gov't Resp., Docket No. 17.

The only circumstance in which a court has jurisdiction over petitions for expungement is where the validity of the underlying criminal proceeding is challenged. United States v. Rowlands, 451 F. 3d 173, 178 (3rd Cir. 2006); United States v. Jackson, 2010 U.S. Dist. LEXIS 14651, at *1-2 (D.N.J. Feb. 18, 2010); United States v. Glanton, 2009 U.S. Dist. LEXIS 93207, at *2 (W.D. Pa. Oct. 6, 2009). "[E]pungement may only be granted in very narrow circumstances, such as when a person was unconstitutionally arrested or convicted. Expungement is appropriately used in extreme circumstances." Jackson, 2010 U.S. Dist. 14651, at *1-2.[1]

In his renewed Motion for Expungement of Arrest Record, Petitioner states that

---

[1] Petitioner cites Natwig v. Webster, 562 F. Supp. 225 (D.R.I. 1983) to support his argument that the Court should expunge Mr. Egbomah's record. That case conflicts with the law of this jurisdiction, which allows a Court jurisdiction to expunge a record only where an individual was unconstitutionally arrested. See Petr. Reply.

2

"[t]he original charges against [him] were baseless and not supported by probable cause." Petr. Second Mot. at ¶ 11. Petitioner argues that the officer did not have probable cause to arrest him, as the basis for the officer's actions was an inadmissible hearsay statement by an alleged co-defendant. Br. in Support, at 1. Specifically, Petitioner refers to Mr. Udo's statements to the Affiant Officer regarding the interaction he had with Mr. Egbomah prior to his arrest. See Affidavit, at ¶¶ 9-10. Citing Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004) and Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620 (1968) without argument as to how the rule of those cases regarding the exclusion of trial testimony or other statements by co-defendants applies in the context of a probable cause finding, Mr. Egbomah argues that any statements by Mr. Udo could not have been used against him at trial and thus cannot form the basis for a probable cause finding. See Petr. Br. at 15. The fact that such statements could not have been presented at trial does not undermine the finding of probable cause to support the arrest of Mr. Egbomah. See, e.g., Lemons v. Atlantic City Police Dept., 2009 WL 140514, at *3 (D.N.J. Jan. 20, 2009) (quoting United States v. Ventresca, 380 U.S. 102, 108 (1965)).

The affidavit of probable cause presented to and signed by United States Magistrate Judge Melinson belie Petitioner's contention that the warrant was based only on Mr. Udo's statements and not supported by probable cause. As noted in the affidavit of probable cause, the arresting officers in Philadelphia had information that Mr. E. M. Udo, a passenger on a flight from Switzerland to Philadelphia, had checked a suitcase that

3

contained narcotics.  See Affidavit at ¶ 2.  After the flight arrived in Philadelphia the local authorities were able to confirm that the suitcase at issue contained heroin.  Id. at ¶¶ 4-5.  Mr. Egbomah was at the airport and appeared to be waiting for Mr. Udo.  Id. at ¶¶ 6-7.  After waiving his Miranda rights Mr. Udo gave the agents a statement detailing Mr. Egbomah's efforts to recruit him to bring the heroin to the United States and payments for his services.  Id. at ¶¶ 9-10.  In short, there was clearly probable cause to arrest Mr. Egbomah at that juncture.[2]

Because Petitioner's challenge to the validity of the arrest fails, his petition for the expungement of his arrest record must be **DENIED**.

---

[2]Petitioner directs the Court's attention to United States v. Benlizar, 459 F. Supp. 614 (D.D.C. 1978), in which the Court expunged the Petitioner's record because the agents violated defendant/petitioner's constitutional rights.  See Petr. Reply.  Here, it does not appear from the record before the court that Mr. Egbomah's rights were violated during the course of his arrest and the rule of Benlizar, seemingly consistent with the rule in this Circuit, dictates that Mr. Egbomah's arrest record cannot be expunged.